# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jessica Lynne Lahr,** | Civil No. 11-3194 (JRT/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Michael J. Astrue, Commissioner of Social Security,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Michael J. Astrue's Motion to Dismiss for Lack of Prosecution (ECF No. 11). Plaintiff Jessica Lynne Lahr is proceeding pro se. Defendant Michael J. Astrue is represented by Assistant United States Attorney David Fuller. This case was referred to this Court for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, the Court recommends that Defendant's motion be granted and the case be dismissed with prejudice.

**I.      BACKGROUND**

Plaintiff initiated this action by filing a complaint in federal court on October 28, 2011. (ECF No. 1.) In accordance with District of Minnesota Local Rule 7.2(a)(1), Defendant filed an answer to the complaint and a certified copy of the administrative record on January 20, 2012. (ECF Nos. 8, 9.) Local Rule 7.2(b) requires a plaintiff in a social security case to file and serve a motion for summary judgment within sixty days of service of the answer and administrative record. Accordingly, Plaintiff's summary judgment motion was due on or about March 20, 2012. Plaintiff neither filed a summary judgment motion nor requested an extension of time to do so.

On April 24, 2012, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute her case. (ECF Nos. 11, 12.) Defendant noted he had advised Plaintiff on March 30, 2012 that she needed to comply with Local Rule 7.2(b), to no avail. Defendant requests that the case be dismissed with prejudice.

On May 21, 2012, Plaintiff filed a motion for an extension of time to file a motion for summary judgment. (ECF No. 16.) Plaintiff explained she was seeking representation from an attorney named Terri Fahrenholtz, who was licensed to practice law in Minnesota state court, but not federal court. Plaintiff asked for an extension until July 15, 2012. The certificate of service was signed by Fahrenholtz, with a notation that she intended to file a formal notice of her appearance once she was admitted to practice in federal court. (ECF No. 16-1.) On May 25, 2012, the Court allowed Plaintiff until July 15, 2012 to respond to Defendant's motion to dismiss, but did not grant an extension to file a motion for summary judgment at that time. Plaintiff failed to file a response to Defendant's motion to dismiss or take any other action, and Fahrenholtz never entered a notice of appearance.

Based on the above, this Court entered an Order to Show Cause on August 24, 2012, requiring Plaintiff to show cause in writing by September 10, 2012, why her case should not be dismissed for lack of prosecution. (ECF No. 19.) The Court warned Plaintiff that failure to show cause in a timely manner would result in the issuance of a Report and Recommendation recommending that the case be dismissed with prejudice for lack of prosecution. Plaintiff did not show cause in response to the order.

## II. DISCUSSION

A defendant may move for the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When "a plaintiff fails to

comply with the rules of court or a court order, dismissal with prejudice is appropriate." *Eaton v. Minn. Attorney Gen.'s Office*, Civ. No. 10-1804 (JRT/FLN), 2011 WL 1195777, at *5 (D. Minn. Mar. 28, 2011) (Tunheim, J.) (citing Fed. R. Civ. P. 41(b)). Grounds for dismissal include a party's failure to comply with a district court's local rules. *See Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983). While pro se pleadings are entitled to a liberal construction, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975)).

A court must balance "the policy of giving the plaintiff her day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983). The most important factor is the plaintiff's conduct, including whether the noncompliance was willful, intentional, or in bad faith. *Id.* (citations omitted).

In the case at hand, Plaintiff has demonstrated a pattern of willful noncompliance with court rules and orders. First, she violated Local Rule 7.2(b), which requires a social security plaintiff to file and serve a motion for summary judgment. In the social security review context, this is a plaintiff's only opportunity to present the substance of her claims to the court. Without the motion, a court cannot effectively adjudicate her claims. Granted, Plaintiff filed a motion to extend the time by which to file for summary judgment, but she failed to follow the Court's direction with regard to Defendant's motion to dismiss, which was already pending at that time. This brings the Court to Plaintiff's second infraction: her violation of the May 25, 2012 order, which directed her to respond to Defendant's motion to dismiss. Although it appears that Plaintiff was attempting to engage an attorney about this time, the attorney never noticed an

appearance, and at some point, Plaintiff was obligated to resume acting on her own behalf or at least inform the Court of her efforts. Third, Plaintiff failed to show cause why her case should not be dismissed, as ordered on August 24, 2012, despite the Court's admonishment that her case could be dismissed with prejudice. There is nothing in any of these circumstances or filings indicating that Plaintiff's noncompliance was accidental or involuntary. Rather, the procedural history demonstrates that Plaintiff's inaction was informed and deliberate.

As to other policy concerns, given the age of the case and Plaintiff's disregard of court rules and orders, any further delay would be undue. Further, the District of Minnesota is one of the busiest courts in the country, *Powell v. I-Flow Corp.*, 711 F. Supp. 2d 1012, 1017 (D. Minn. 2010), and it serves no purpose to congest the District's caseload with an action Plaintiff refuses to prosecute. Lastly, Plaintiff has been granted ample opportunities to move her case forward, but even pro se parties must show some regard for court procedures. *See Burgs*, 745 F.2d at 528.

## III. CONCLUSION

Plaintiff has failed to prosecute her case and has willfully disobeyed several court orders and rules. Most egregiously, she has not filed a motion for summary judgment, as required to adjudicate her request for judicial review of a Social Security decision, nor has she shown cause why her case should not be dismissed with prejudice, as ordered by the Court.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 11) be **GRANTED**;

2. This case be **DISMISSED WITH PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 13, 2012

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 1, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.